UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLYDE RICHARDS,

    Plaintiff,

v.                                             Case No. 8:23-cv-820-KKM-SPF

GLORIANGELI CALERO,

    Defendants.
_____

## ORDER

On May 10, 2023, the United States Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff Clyde Richards's Motion to Proceed In Forma Pauperis (Doc. 2) be denied and his complaint (Doc. 1) be dismissed for failing to state a claim. R&R (Doc. 5). The fourteen-day deadline, and an additional three days as required under Federal Rule of Civil Procedure 6(d), for Richards to object to the Magistrate Judge's Report and Recommendation has passed without him lodging an objection. Considering the record, the Court adopts the Report and Recommendation for the reasons stated therein; denies Richards's Motion to Proceed In Forma Pauperis; and dismisses Richards's complaint.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. Richards's affidavit of indigency reveals that his monthly income exceeds his monthly expenses and fails to otherwise demonstrate a need to proceed without paying the filing fee. IFP Mot. at 1, 4.

Additionally, Richards's complaint fails to state a plausible claim for relief. He sues Officer Calero in her official capacity under 42 U.S.C. § 1983, but fails to assert any facts establishing that the activity in question was in accordance with an official policy or custom of the municipality, as he must for an official capacity suit. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 5) is **ADOPTED** and made a part of this Order for all purposes.

2. Richards's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED.**

3. Richards's Complaint (Doc. 1) is **DISMISSED** without prejudice.

4. **By June 21, 2023,** Richards may file an amended complaint that complies with the pleading requirements set forth in the Federal Rules of Civil Procedure and that corrects the deficiencies identified above and in the Report and Recommendation. Richards must also pay the full filing fee together with any amended complaint. Failure to comply with these directives will result in dismissal of this case without further notice.

**ORDERED** in Tampa, Florida, on May 31, 2023.

Kathryn Kimball Mizelle
United States District Judge